SEYMOUR, Circuit Judge,
concurring in part and dissenting in part.
In my judgment, the police lacked probable cause to arrest Mr. Sparks on June 2, *693 1999 for stopping to pick up a package on the side of the road. I therefore respectfully dissent from the majority’s reversal of the district court’s order invalidating the warrant for the June 2, 1999 search of Mr. Sparks’ home. For different reasons than the majority, as I explain below, I agree that the May 16, 2001 search of Mr. Sparks’ truck was supported by probable cause.

June 2,1999 Arrest and Search

I disagree that Mr. Sparks provided the police with probable cause for his arrest by merely stopping his vehicle and picking up a package in plain view[1] on the side of the road close to his own residence.[2]
I have no quarrel with the majority that the probable cause inquiry is one based on a totality of the circumstances, Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and requires only a “probability” or “substantial chance” of criminal activity, id. at 243 n. 13, 103 S.Ct. 2317; see also Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). I also agree a possible innocent explanation does not provide a safe harbor for activity that also gives rise to the probability of criminal activity. See Gates, 462 U.S. at 243 n. 13, 103 S.Ct. 2317 (“By hypothesis, therefore, innocent behavior frequently will provide the basis for a showing of probable cause”). However, these cases do not dictate that a single instance of innocent-appearing conduct provides probable cause. In fact, Supreme Court cases and those from our circuit support my view that probable cause did not exist for the June 2 arrest.
“Probable cause to arrest exists when an officer has learned of facts and circumstances through reasonably trustworthy information that would lead a reasonable person to believe that an offense has been or is being committed by the person arrested.” United States v. Vazquez-Pulido, 155 F.3d 1213, 1216 (10th Cir.1998) (citation and quotation omitted). Probable cause thus requires a reasonable probability both that there is criminal conduct afoot and that the particular individual police suspect is the person engaged in that conduct. Id.
The connection between Mr. Sparks and the illegal conduct was sparse at best. While the police had concrete information of criminal conduct because they knew the original package contained methamphetamine, the mere fact that Mr. Sparks stopped to pick up the package is insufficient to connect him with that criminal conduct. See, e.g., Ybarra v. Illinois, 444 U.S. 85, 90-92, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979) (police lacked probable cause to search defendant who was merely present in tavern in which bartender was selling heroin); United States v. Anderson, 981 F.2d 1560, 1566 (10th Cir.1992) (no probable cause to arrest defendant whom police saw visiting and leaving residence that contained marijuana, parking in same parking lot with a U-Haul previously seen at same residence, and driving cautiously when he might have known police were following him). The act of stopping and *694 retrieving a package in the road is not criminal and is insufficient, on its own, to warrant a reasonable belief that Mr. Sparks was engaging in or planning to engage in criminal conduct. See, e.g., United States v. Welker, 689 F.2d 167, 169 (10th Cir.1982) (one action susceptible of multiple innocent interpretations does not provide probable cause for arrest). While Mr. Sparks’ singular act might warrant suspicion due to the nature of the package, more than suspicion is required to establish probable cause. See Vazquez-Pulido, 155 F.3d at 1216 (“Probable cause to arrest does not require facts sufficient to establish guilt, but it does require more than mere suspicion.”) (emphasis added; citation omitted)).
The fact that the police here knew the original package contained methamphetamine does not remedy their lack of information connecting Mr. Sparks to any illegal activity or intent. A person’s association with a place or person known to be involved in criminal conduct does not constitute a sufficient connection to that place or person to provide probable cause for arrest. See Ybarra, 444 U.S. at 90-92, 100 S.Ct. 338 (1979) (no probable cause where “agents knew nothing in particular about Ybarra, except that he was present, along with several other customers, in a public tavern at a time when the police had reason to believe that the bartender would have heroin for sale.”); Sibron v. New York, 392 U.S. 40, 62, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968) (no probable cause where the only suspicious activity police observed was defendant talking to several known drug addicts over eight-hour period); see also United States v. Springfield, 196 F.3d 1180, 1183 (10th Cir.1999) (“ ‘nearness to the place of the arrest of a co-conspirator or to the place of illegal activity’ is not sufficient to establish probable cause.”) (quoting Vazquez-Pulido, 155 F.3d at 1216)); United States v. Dozal, 173 F.3d 787, 792 (10th Cir.1999) (citing United States v. Hansen, 652 F.2d 1374, 1388 (10th Cir.1981) (merely traveling with drug dealers does not create probable cause for arrest)).
We have held there is no probable cause for arrest even where a person’s association is less fleeting or coincidental, as it was here. See Anderson, 114 F.3d at 1066. In Anderson, the defendant was observed at a home that contained marijuana, parked his car in the same parking lot as a rental truck also seen at the home with drugs, and drove carefully while he was being followed by police. Id. at 1062-63. We held this information did not establish probable cause for arrest, stating “[although [the defendant] showed some association with the [suspicious] residence, he did not otherwise take actions that would warrant believing he had committed or was committing a crime.” Id. at 1066. Similarly here, the fact that Mr. Sparks stopped and picked up a package in plain view on a public road simply provided too little indication his actions or intentions were criminal.
Mr. Sparks’ singular act of picking up the package is consistent with innocent activity.[3] We have previously held that a singular instance of an activity that has an innocent explanation does not provide probable cause for arrest. See Welker, 689 F.2d at 169. The defendant’s conduct in Welker is comparable to Mr. Sparks’ actions here. The police in Welker saw the *695 defendant walk up to a mailbox, retrieve a letter, and continue down the street. Id. at 168. The defendant’s actions took place in broad daylight without any furtiveness, and the defendant did nothing else suspicious. Id. Here, Mr. Sparks was making a turn near his home, stopped upon seeing the package, retrieved the package, and returned to his truck to drive away, all in broad daylight and without apparent furtiveness or other suspicious actions.
The case cited by the majority in support of its proposition that there is probable cause here, United States v. Santana-Garcia, 264 F.3d 1188 (10th Cir.2001), is hardly comparable because there were substantially greater indications of possible criminal activity in that case than there are here. In Santana-Garcia, the two persons stopped for a traffic violation admitted they were in the country illegally, police observed air fresheners in the car, and pursuant to a consensual search police found duct-taped packages hidden behind the glove box and dashboard radio, next to an additional air freshener. Id. at 1190-91 & n. 2. While each of these actions has possible non-drug explanations, together they provide sufficient information for a prudent officer to conclude there is a reasonable probability of criminal activity. See Beck, 379 U.S. at 91, 85 S.Ct. 223; Gates, 462 U.S. at 238, 241-45, 103 S.Ct. 2317. Moreover, the packages the police found in Santana-Garcia were not simply out of plain view but hidden behind parts of the car itself, 264 F.3d at 1191, giving rise to suspicion much greater than that justifiable where, as in this case, the package was in plain view and the defendant’s actions with respect to the package were undertaken openly.
Similarly, the cases cited by the government do not support its contention that there was probable cause here. In United States v. Gordon, 173 F.3d 761, 766-67 (10th Cir.1999), the facts we held established probable cause for arrest were as follows: the defendant was traveling under a false name, bought a one-way train ticket using cash, and consented to a search that revealed he was carrying $28,000 in cash and two brick-shaped plastic wrapped packages. We held there was probable cause for arrest, rejecting the argument that police lacked probable cause at the time of arrest because they did not know the packages contained illegal drugs. Id. We rejected the argument because, even without that knowledge, the police had directly observed a number of actions by the defendant that were suggestive of drug-related activity. In addition, the packages were found in baggage the defendant himself carried on the train and identified as his. Id. Thus, the police had information about several suspicious circumstances that were, moreover, all directly connected to the defendant. Here, the police had no prior knowledge that Mr. Sparks was in any way connected with illegal drug activity or any other criminal conduct, his conduct was not furtive, and the police had no other indication of criminal activity on the part of Mr. Sparks. The basis for suspicion here was paltry under our case law.[4]
*696 In sum, our cases tell us that an isolated action as consistent with lawful conduct as with illegal conduct, where there is no other indication the actor is connected with illegal activities, does not provide probable cause for the actor’s arrest. As a result, the search warrant for Mr. Sparks’ home was also unsupported by probable cause. I would affirm the district court’s grant of Mr. Sparks’ motion to suppress evidence discovered in that search.

May 16, 2001 search of Mr. Sparks’ Truck

I join in the conclusion that there was probable cause for the vehicle search in May 2001 but for different reasons than the majority. Because Officer Owen was directly involved in the 1999 arrest and search, which I believe was invalid, it is questionable in my view whether he may rely on the information he gained from those actions for probable cause to search Mr. Sparks’ truck. Moreover, I agree with the majority’s suggestion that the baggies sitting on Mr. Sparks’ car seat, taken alone, did not provide probable cause for a vehicle search. The baggies are of a type commonly used for crafts, and it cannot be that every person driving around with a common household item such as this in their car, left there by them or their children, has created a reasonable probability of their involvement in the drug trade. Nevertheless, I agree with the majority that there was probable cause for the search of Mr. Sparks’ truck in May 2001 because Officer Johnson had probable cause for the search.
Officer Johnson, like Officer Owen, could not rely solely on the presence of the baggies in the front seat to conclude there was a reasonable probability they were for criminal rather than innocent use. In addition to the baggies, however, Officer Johnson possessed drug-related information about Mr. Sparks in the form of the arrest warrant upon which Officer Johnson could reasonably rely for the search. The arrest warrant pursuant to which the officers arrested Mr. Sparks on May 16, 2001 was for the charge, inter alia, of possession with intent to distribute methamphetamine and use of firearms in drug trafficking. While these charges were based on information gained through the invalid arrest and search conducted in June 1999, Officer Johnson was not directly involved in these activities, nor did he have reason to believe those activities were unlawful. Mr. Sparks has not alleged the arrest warrant had any facial shortcomings. Therefore, while the warrant was invalid, Officer Johnson could in good faith rely on the information contained therein. See United States v. Leon, 468 U.S. 897, 919-21, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (police may rely on invalid warrant if that reliance is reasonable under the circumstances, including that officer has no reason to believe warrant or information on which it is based is invalid or insufficient).
The nature of the charges contained in the arrest warrant gave Officer Johnson reason to believe Mr. Sparks was involved in illegal drug trafficking. With this good-faith belief in hand, Officer Johnson had a reasonable basis for believing the baggies he saw on the truck seat were likely to be related to drug activity rather than an innocent pursuit. On this basis, I concur in the judgment that the search of Mr. Sparks’ car on May 16, 2001 was justified by probable cause. It follows that the May 2001 search of Mr. Sparks’ house was proper as well. I respectfully dissent, however, from the conclusion that probable *697 cause existed for the arrest of Mr. Sparks in June 1999 and the search of his residence based on that arrest.

. The district court found that the decoy package was in plain view and this finding was not clearly erroneous, as the majority acknowledges.

. Picking up packages by the side of the road may not be an activity that we, as judges, often undertake. However, for many Americans abandoned articles may provide the necessities of life. See, e.g., Melissa Fay Greene, Praying for Sheetrock (1992) (relating the story of impoverished people in rural Georgia who, unable to purchase building materials, "prayed for sheetrock” to fall from passing trucks so they could fix their dilapidated homes). The majority's opinion now makes such activity an arrestable offense if the roadside package happens to contain drugs.

. In this respect I disagree with the majority that because Mr. Sparks went directly to the package and brought it back to his truck it is likely he was "familiar with” the bag, Op. at 688. The package was in plain view and Mr. Sparks left his truck mid-turn in the road to retrieve it, making his immediate return to the truck necessary.

. The cases from the other circuits cited by the government are also easily distinguished from this case because of the multiple suspicious activities of which police were aware in those cases. See United States v. Carrillo, 269 F.3d 761, 766-67 (7th Cir.2001) (police had probable cause for arrest where they were informed defendant installed remotely-locking compartments in twelve vehicles, observed movement of those vehicles from house to house suggestive of drug trafficking over period of time, and defendant drove evasively two times police were following); United States v. Strickland, 144 F.3d 412, 415-17 (6th Cir.1998) (holding probable cause for arrest where informant identified defendant, set up drug sale with defendant, and police observed defendant engaged in actions consistent with *696 ding sale but did not verify the package exchanged contained illegal drugs before making arrest).